**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Thomas Trupiano</u>

    v.                                                    Civil No. 09-cv-69-PB

<u>Cottage Hospital</u>

**REPORT AND RECOMMENDATION**

    Before the Court is Thomas Trupiano's Complaint, including his amendments and addendum thereto (doc. nos. 1, 13, 17 & 22), asserting that defendant, Cottage Hospital, is liable for discharging him to the county jail without adequately treating injuries he received in a car accident occurring in July 2006. The Complaint is before me for a preliminary review to determine whether Trupiano has stated any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2).

<u>Standard of Review</u>

    Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v.</u>

Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Trupiano is currently an inmate at the New Hampshire State Prison. Prior to his present incarceration, on July 21, 2006, Trupiano was in a car accident and was brought to the Cottage Hospital Emergency Department. Five days later, on July 26,

2

2006, he was discharged to the Grafton County Department of Corrections ("GCDOC").  He spent one night in jail, while still suffering from multiple skin tears, large hematomas, and deep, open wounds on both legs before he was transported back to Cottage Hospital on July 27.  He spent the next month and a half at Cottage Hospital, undergoing skin grafting on both legs.

Trupiano has filed two actions in federal court relating to his discharge from Cottage Hospital on July 26, 2006, in which he has asserted malpractice claims and a denial of medical care in violation of his federally protected rights.  Trupiano's first action, the instant case against Cottage Hospital, was filed in March 2009.  He filed his second action later in March 2009, naming the GCDOC as a defendant and asserting under 42 U.S.C. § 1983 that the GCDOC denied him adequate medical care.  The action against the GCDOC remains pending in this court.  See Trupiano v. Grafton County Dep't of Corrs., No. 09-CV-101-PB (D.N.H. June 24, 2009) (parties' proposed discovery plan).

I construe the Complaint before me (doc. nos. 1, 13, 17 & 22) as including the following claims for damages[1]:

---

[1] Trupiano's Complaint includes a request for a preliminary injunction and other relief.  See Mot. to Amend (doc. no. 13) at 3.  As Trupiano is no longer in the care or custody of Cottage Hospital and all of the facts at issue occurred more than three

>    1.  Cottage Hospital is liable under EMTALA, 42 U.S.C.
>    § 1395dd, for failing to adequately treat or stabilize
>    Trupiano's injuries before discharging him to GCDOC on July
>    26, 2006.
>
>    2.  Cottage Hospital is liable for medical malpractice under
>    New Hampshire law relating to the July 2006 discharge.

Discussion

I.   EMTALA

EMTALA, 42 U.S.C. § 1395dd, imposes two core obligations on covered hospitals, requiring them to screen patients who come to the emergency department seeking treatment or examination, and requiring them to stabilize patients who have emergency medical conditions before discharging or transferring them to another facility.  See Lopez-Soto v. Hawayek, 175 F.3d 170, 172-73 (1st Cir. 1999).  The statute provides a private cause action for individuals to sue the covered hospital if they have suffered harm as a direct result of the hospital's failure to comply with EMTALA.  See 42 U.S.C. § 1395dd(2).  EMTALA includes a two-year statute of limitations on such private actions:  "No action may be brought ... more than two years after the date of the violation with respect to which the action is brought."  Id. § 1395dd(2)(C).

---

years ago, I recommend that the court deny the request for a preliminary injunction as moot.

Trupiano's EMTALA claim was filed in March 2009, almost three years after the events occurring in July 2006 and beyond the 2-year limitations period for filing an EMTALA claim. Accordingly, I recommend that Trupiano's EMTALA claim be dismissed as time-barred.

II.  Pendent Malpractice Claim

Trupiano has also asserted a medical malpractice claim against Cottage Hospital for discharging him to the custody of the GCDOC on July 26, 2006, notwithstanding the deep, open wounds and hematomas on his thighs, and the multiple skin tears that required skin grafting upon his readmission to the hospital the next day.  In order to hear this apparently valid state law claim here, this Court must exercise its discretion to retain supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c).

Section 1367(c)(3) provides the Court with discretion to retain jurisdiction over pendent state law claims, even if it has dismissed the underlying federal cause of action.  See id. ("district courts may decline to exercise supplemental jurisdiction . . . if – . . . (3) the district court has dismissed all claims over which it has original jurisdiction").

Although, in general, pretrial dismissal of a plaintiff's federal claims at the early stages of a suit should lead the court to dismiss any pendent state claims, dismissal of the state claims may not be appropriate in all cases. See Rodriguez v. Doral Mort. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).  In deciding whether to retain jurisdiction the court should consider the "totality of the attendant circumstances," including the interests of "'judicial economy, convenience, fairness, and comity.'"  Id. (citations omitted).

In this case, the Court should retain jurisdiction over the pendent claim because the interests of judicial economy, efficiency, and convenience to the parties counsel in favor of exercising supplemental jurisdiction.  The medical malpractice claim in this case arises from facts underlying the civil rights action filed by Trupiano against the GCDOC, which remains pending in this court.  The defendant in that action has indicated that it will move to consolidate the cases should this case proceed. See  Trupiano v. Grafton County Dep't of Corrs., No. 09-CV-101-PB, Parties' Proposed Discovery Plan at 1, n.1 (D.N.H. June 24, 2009) (doc. no. 36).  The claims pending in these related cases should be considered together in one forum to avoid a duplication

6

of judicial effort and to conserve the parties' resources.

Furthermore, the interest of comity does not weigh heavily against exercising supplemental jurisdiction here. The pendent claim does not appear to raise any novel issues. See Rodriguez, 57 F.3d at 1177 (dismissal may be appropriate if claim raises novel issue of state law). Rather, the action involves an apparently straightforward medical malpractice claim, well within this Court's competence.

## Conclusion

For the reasons discussed more fully above, I recommend that the EMTALA claim against Cottage Hospital be dismissed, leaving only the state malpractice claim against Cottage Hospital pending in this action. The Court has discretion to retain supplemental jurisdiction over the medical malpractice claim under 42 U.S.C. § 1367(c), and retention of jurisdiction is appropriate here. I have, therefore, ordered service of the state law malpractice claim against Cottage Hospital in an Order issued on this date.

Any objection to this Report and Recommendation must be filed within ten days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law

Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4,6 (1st Cir. 1986).

**SO ORDERED.**

　　　　　　　　　　　　　　　/s/ James R. Muirhead
　　　　　　　　　　　　　　　James R. Muirhead
　　　　　　　　　　　　　　　United States Magistrate Judge

Date:　　August 3, 2009

cc:　　　Thomas Trupiano, pro se

JRM:nmd