**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Thomas Trupiano

    v.                                                    Civil No. 09-cv-69-PB

Cottage Hospital

**ORDER**

Before the Court are two motions to amend the complaint (doc. nos. 13 & 22); my preliminary review of the Complaint (doc. nos. 1, 13, 14 & 22), see 28 U.S.C. § 1915(e)(2) and United States District Court, District of New Hampshire Local Rule ("LR") 4.3(d)(2); and a renewed motion for appointment of counsel, currently docketed as "2d Motion to Amend" (doc. no. 17).

Trupiano filed his original complaint (doc. no. 1) in this action in March 2009 and asserted a civil rights claim under 42 U.S.C. § 1983 and a pendent state law malpractice claim against defendant, Cottage Hospital. Thereafter, Trupiano filed two separate motions to amend the complaint (doc. nos. 13 & 22), proposing to replace the civil rights claim with a claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. As the proposed amendments are timely filed and consonant with the interests of justice and judicial economy,

I hereby grant both motions (doc. nos. 13 & 22).  See Fed. R. Civ. P. 15(a).  The factual allegations contained in these documents, along with the original complaint and its addendum (doc. nos. 1, 13, 14 & 22), will henceforth be considered to be the Complaint in this matter for all purposes.

An additional motion filed by Trupiano, docketed as the "2d Motion to Amend" (doc. no. 17), is a motion for appointment of counsel, essentially objecting to this Court's denial of his original motion for appointment of counsel (doc. no. 6), and providing supplemental grounds for appointing counsel for him.[1] I hereby direct the Clerk to redocket the "2d Motion to Amend" (doc. no. 17) as a renewed motion for appointment of counsel.  As Trupiano has informed the court in a letter to the Clerk that he may seek to obtain counsel on his own upon his anticipated release from prison on August 8, 2009, see Ltr. to Clerk (doc. no. 20), I deny the motion without prejudice to Trupiano's ability to renew it upon his release from prison.

My Report and Recommendation identifies the claims asserted

---

[1]The evidence offered in support of the renewed motion for appointment of counsel shows that (1) Trupiano suffers from an illness that can affect his thinking and judgment; and (2) a petition for guardianship over his person was granted in Massachusetts.

in the Complaint as an EMTALA claim and a medical malpractice claim under state tort law.  My identification of the claims in the Report and Recommendation will be considered for all purposes in this case to be the claims raised in the Complaint.  If Trupiano disagrees with the identification of the claims therein, he must do so by objection filed within ten (10) days of receipt of this Order, or he must properly move to amend the Complaint.

## Conclusion

For reasons stated more fully above and in my Report and Recommendation, I grant the two motions to amend the complaint (doc. nos. 13 & 22), and deny the renewed motion for appointment of counsel (doc. no. 17) without prejudice to Trupiano's ability to renew the motion for appointment of counsel upon his release from prison.  My preliminary review of the Complaint (doc. nos. 1, 13, 14 & 22), as stated in my Report and Recommendation, has yielded my recommendation that the EMTALA claim be dismissed, while the state law medical malpractice claim may proceed against the defendant through this Court's retention of supplemental jurisdiction under 28 U.S.C. § 1367(c).

Accordingly, I order service of the Complaint on Cottage Hospital.  The Clerk's office shall issue a summons against

Cottage Hospital and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the Complaint (doc. nos. 1, 13, 14 & 22), the Report and Recommendation, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Cottage Hospital.  See Fed. R. Civ. P. 4(c)(2).

Cottage Hospital is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Trupiano is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Cottage Hospital by delivering or mailing the materials to it or its attorney(s), pursuant to Fed. R. Civ. P. 5(b).[2]

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: August 3, 2009

cc:   Thomas Trupiano, pro se

---

[2] Trupiano must keep this Court and Cottage Hospital apprised of any change in his address and phone number upon his release from prison, in accordance with L.R. 83.6(e) (attorneys and pro se parties are under continuing duty to notify clerk's office of any change of address and telephone number).